Dear Senator Crutchfield,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
Do the provisions of 68 O.S. Supp. 2000, § 2817[68-2817] (H), whichestablish rules for valuation for ad valorem tax purposes of"platted" lots in certain additions, apply to lots platted beforeJune 10, 1998?
¶ 1 The basic rule of valuation for ad valorem taxation purposes is found in Article X, § 8(A) of the Oklahoma Constitution, which provides:
 2. Real property shall not be assessed for ad valorem taxation at a value less than eleven per cent (11%) nor greater than thirteen and one-half per cent (13.5%) of its fair cash value for the highest and best use for which such property was actually used, or was previously classified for use, during the calendar year next preceding the first day of January on which the assessment is made.
Id. (emphasis added). See also 68 O.S. Supp. 2000, §2817[68-2817](B).
¶ 2 A property's taxable status, therefore, is established as of January 1. In 1998 the Legislature amended subsection H of Section 2817 of Title 68 by adding the following language:
 However, the fair cash value of a lot in any platted addition or a subdivision in a city, town or county zoned for residential, commercial, industrial or other use shall be deemed to be the total purchase price paid by the developer of the addition or subdivision for the land comprising the platted addition or subdivision divided by the number of lots contained in the addition or subdivision until the lot with building or buildings located thereon shall have been conveyed to a bona fide purchaser or shall have been occupied other than as a sales office by the owner thereof, or shall have been leased, whichever event shall first occur. The cost of any land or improvements to any real property required to be dedicated to public use, including, but not limited to, streets, curbs, gutters, sidewalks, storm or sanitary sewers, utilities, detention or retention ponds, easements, parks or reserves shall not be utilized by the county assessor in the valuation of any real property for assessment purposes.
Id.
¶ 3 The above-quoted amendment to Section 2817 provides a specific rule for the valuation of certain "platted" lots. Essentially, the law requires that the fair cash value of these properties is the total purchase price paid by the developer divided by the number of lots contained in the addition or subdivision. You have asked whether this special valuation rule applies to property platted before June 10, 1998 (the effective date of the legislation). It is well-established law in Oklahoma that where "the language of the statute is plain and unambiguous and its meaning clear, no . . . rules of construction [apply] and its evident meaning must be accepted." Jackson v. Indep. Sch.Dist. No. 16, 648 P.2d 26, 29 (Okla. 1982) (footnote omitted). The taxable value of property for any given year is established as of January 1. The amendment to Section 2817(H) does not limit its application to properties platted before or after any particular date. The rule is therefore intended to apply to all lots which meet the conditions set by the law.
¶ 4 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The valuation provisions of 68 O.S. Supp. 2000, § 2817[68-2817] (H)apply to lots meeting the conditions contained therein,regardless of the date an addition was platted.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL